United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CLARENCE WAYNE OSBORNE, <br> Plaintiff, <br> v. <br> COMMISSIONER OF SOCIAL SECURITY, <br> Defendant. | Case No. 15-cv-05867-NJV <br><br> **ORDER RE MOTIONS FOR SUMMARY JUDGMENT** <br> Re: Dkt. Nos. 14, 16 |

Plaintiff Clarence Wayne Osborne seeks judicial review of an administrative law judge ("ALJ") decision denying his application for Disability Insurance Benefits pursuant to Title II of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. (AR 1-4.) The ALJ's decision is thus the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Docs. 5,10.) The court therefore may decide the parties' motions for summary judgment. For the reasons stated below, the court will grant Defendant's Motion and deny Plaintiff's Motion.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108

F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits pursuant to Title II of the Social Security Act on July 20, 2012, alleging an onset date of disability of November 25, 2010. (AR 142-45, 165.) The agency denied Plaintiff's application initially on November 2, 2012, and on reconsideration on April 26, 2013. (AR 64-74, 86-90.) Plaintiff filed a request for hearing on April 26, 2013, and a hearing was held before an ALJ on March 13, 2014. On August 19, 2013, the ALJ issued a hearing decision denying Plaintiff's claims. (AR 19-28.) The Appeals Council denied review on May 12, 2015. (AR 1-4.)

Plaintiff filed this action on December 21, 2015. Defendant filed her Answer on April 5, 2016, and the Administrative Transcript was filed the same day. (Docs. 12, 13.) On May 5, 2016, Plaintiff filed his Motion for Summary Judgment. (Doc. 14.) On June 6, 2016, Defendant filed her Motion for Summary Judgment. (Doc. 16.) Plaintiff filed his Reply on June 20, 2016. (Doc. 17.)

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability, and must use a five-step sequential evaluation to determine whether the claimant is disabled. 20 C.F.R. §§ 416.920(a)(3), 416.920.) "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ evaluated

1   Plaintiff's application for benefits under the required five-step sequential evaluation.

2         At Step One, the claimant bears the burden of showing she has not been engaged in
3   "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R.
4   § 416.1520(b). If the claimant has worked and the work is found to be substantial gainful activity,
5   the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in
6   substantial gainful activity since his alleged onset date. (AR 21.)

7         At Step Two, the claimant bears the burden of showing that she has a medically severe
8   impairment or combination of impairments. 20 C.F.R. § 1520 (c). "An impairment is not severe
9   if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than
10  a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686
11  (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered the
12  following severe impairments: lumbar spine and cervical spine degenerative disc disease, and
13  depressive disorder. (AR 21.)

14        At Step Three, the ALJ compares the claimant's impairments to the impairments listed in
15  appendix 1 to subpart P of part 404. *See* 20 C.F.R. §§ 416.1520(d), 404.1525, 404.1526. The
16  claimant bears the burden of showing her impairments meet or equal an impairment in the listing.
17  *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id.* If the
18  claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and
19  proceeds to Step Four. 20 C.F.R. § 404.1520(e).

20        Here, the ALJ found that Plaintiff did not have an impairment or combination of
21  impairments that met or medically equaled one of the listed impairments. (AR 22.)

22        Next, the ALJ found that Plaintiff had the residual functional capacity to perform light
23  work as defined in 20 CFR 416.1567(b) except that he can lift and/or carry 20 pounds occasionally
24  and 10 pounds frequently; and stand, sit, and walk for six out of eight hours. He can occasionally
25  climb, balance, stoop, kneel, and crawl. He must avoid concentrated exposure to hazards. He is
26  limited to simple, repetitive tasks. (AR 23.)

27        At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work.
28  (AR 26.)

1    At Step Five, the ALJ found that Plaintiff was 48 years old, which is defined as an
2 individual closely approaching advanced age, on the alleged disability date. (AR 26.) The ALJ
3 found that Plaintiff has a limited education and is able to communicate in English. (AR 26.) The
4 ALJ found that transferability of jobs skills is not material to the determination of disability
5 because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is
6 "not disabled," whether or not the claimant has transferable job skills. (AR. 27.) Using the
7 Medical-Vocational Guidelines as a framework, the ALJ found that there were jobs that exist in
8 significant numbers in the national economy that Plaintiff could perform. (AR 27.) Accordingly,
9 the ALJ found that Plaintiff had "not been under a disability, as defined in the Social Security
10 Act," through the relevant time period. (AR 27.)

**DISCUSSION**

Carpal Tunnel Syndrome

Plaintiff alleged disability based on carpal tunnel syndrome ("CTS"). The ALJ found Plaintiff's CTS to be nonsevere, stating as follows:

> The claimant reported that his hands hurt when he wakes up with the pain being 10 out of 10. (Exhibit 9F/10). An EMG was abnormal with surgery recommended, but thus far, the only treatment is the claimant's wearing splints. (Exhibits 8F/7; 9F/10, 14). Thus, there is no indication of a twelve-month period of inability to use his hands for work-related functions. Thus, the claimant's CTS is found nonsevere.

(AR 22.)

"An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "An impairment is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Plaintiff bears the burden at Step Two to establish that his impairments impose such limitations. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).

In this case, Plaintiff fails to refer the court to any evidence showing that his carpal tunnel syndrome limited his functioning. At the hearing, Plaintiff testified about his back pain and ensuing limitations in sitting, standing, walking, and cleaning his house (AR 49-52), but he said nothing about problems with his hands. The only medical sources to opine about Plaintiff's physical abilities, Dr. Hanna and Dr. Pham, found no hand limitations. (AR 69-72, 82-83.)

Plaintiff argues that the various references to hand pain and carpal tunnel syndrome in the record establish the severity of this impairment. (AR 418, 272, 786, 805, 810-14, 832.) He argues correctly that the standard is not that he needs to be unable to use his hands for work related functions. However, without evidence of <u>any</u> limitations from this impairment, Plaintiff has not established that his CTS is severe. *See* 20 C.F.R. § 404.1521(a). Given the lack of evidence showing any limitations from CTS, substantial evidence supports the ALJ's finding that this impairment was not severe. Although Plaintiff suggests that the court should reverse the ALJ's decision for further development of this issue, he provides no basis for such a remand. Under these circumstances, the court must affirm the ALJ's finding.

<u>Pain Symptoms</u>

Plaintiff contends that the ALJ erred by failing to articulate legally sufficient reasons for discrediting his testimony regarding his pain symptoms. The ALJ found:

> Although the claimant experiences back pain due to lumbar and cervical degenerative disc disease, the MRI findings and objective examination findings, discussed herein, do not reflect the severity required to meet Listing 1.04.

(AR 22.) The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms he alleged. (AR 25.) However, the ALJ further found that Plaintiff's claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. (AR 25.)

The Commissioner's regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or

other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). An ALJ must make specific credibility findings, which must be properly supported by the record and sufficiently specific to ensure a reviewing court that he did not "arbitrarily discredit" a claimant's subjective testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)). In this instance, the ALJ made specific findings supported by the record. (AR 24-25.)

The ALJ discussed the objective medical evidence, and noted that it supported a residual functional capacity for light work, with "relatively mild findings." (AR 24-25.) An ALJ considers the objective medical evidence as one factor when evaluating the credibility of a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(c)(2); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999) (conflict between subjective complaints and objective medical evidence in the record is a specific and substantial reason that undermines a claimant's credibility). Here, Plaintiff alleged disability from back pain, which he said limited him to sitting for 20-30 minutes and standing or walking for 10 minutes. (AR 41, 49-50, 164.) However, as the ALJ noted, objective testing showed only mild degenerative disc disease, with no nerve involvement. (AR 24-25, 250-51, 775, 799-800, 818.) Likewise, Plaintiff had normal neurological functioning, with consistently good strength, reflexes, and sensation. (AR 400, 265, 252, 826-27.) These benign findings do not corroborate Plaintiff's allegations of disabling pain. Indeed, Plaintiff realized as much himself, demanding a new MRI in November 2013 when confronted with the mild findings (AR 791), and getting angry with his doctors when they told him again in February 2014 that the findings were mild. (AR 803).[1] The ALJ reasonably relied

---

[1] The Progress Notes from February 9, 2014, state in part that, "[h]e is infuriated that he will not

6

on these mild findings to reject Plaintiff's subjective symptom testimony. (AR 24-25.) *See* 20 C.F.R. § 404.1529(c)(2).

Second, the ALJ found that Plaintiff had conservative treatment, which improved his symptoms, and that he refused certain treatments. (AR 25). An ALJ considers the nature and effectiveness of any treatment a claimant receives for his allegedly disabling symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), (v). Here, Plaintiff took medications for pain, and underwent chiropractic treatment and physical therapy. (AR 421, 400, 262, 371, 252-53.) He reported some relief from some of these treatment modalities. (AR 388 (medication), 247 (TENS), 262 (chiropractic), 370 (traction), 364 (physical therapy), 358 (TENS), 331 (traction)). Evidence of improvement from conservative treatment undermines allegations of disability. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

The ALJ noted that Plaintiff failed to comply with prescribed treatment. (AR 25.) Plaintiff had a home traction unit from physical therapy, but he did not comply with this recommendation, stating that it made him sore. (AR 247.) Yet Plaintiff later reported relief from this same modality, and asked for his own unit. (AR 370, 331.) The evidence of non-compliance goes beyond this incident. He also failed to follow through with recommendations from physical therapy to be more active, preferring to remain sedentary and assuage his pain with excessive alcohol intake. (AR 298, 319, 324, 339). Plaintiff's decision to eschew proper treatment in favor of drinking up to 12 beers per day (AR 400, 384, 298, 504) provided another legitimate basis for the ALJ to find his testimony not credible. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (ALJ can consider failure to follow prescribed treatment as a basis for adverse credibility finding).

The ALJ found that Plaintiff engaged in daily activities that were inconsistent with

---

receive SSI disability as MRI was non-revealing." (AR 803.)

his allegations of disability. (AR 25.) An ALJ considers a claimant's daily activities when evaluating his symptom testimony. *See* 20 C.F.R. § 404.1529(c)(3)(i). Here, the ALJ found that Plaintiff was able to cook for himself, clean his home, do laundry, shop for groceries, and drive for two hours at a time. (AR 25; Tr. 52-54, 171.) Plaintiff's activities undermined his allegation that his symptoms were so severe as to preclude all work. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that an ALJ can rely on daily activities that show the claimant is not as limited as she alleges, even if the activities themselves do not translate to an ability to work). Indeed, his ability to drive for two hours is inconsistent with his later testimony that he could sit for only 20-30 minutes. (AR 49.) The ALJ reasonably relied on this inconsistency to find Plaintiff's testimony not fully credible. *See Bunnell*, 947 F.2d at 346; SSR 96-7p.

Finally, the ALJ discussed the opinion evidence, and noted that Plaintiff's doctors declined to complete disability paperwork for him. (AR 26.) The ALJ can find a claimant's allegations of disability not credible when no medical source has opined that a claimant is so limited. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Plaintiff tried at least three times to get his sources to support his disability claim, which they refused each time, further calling into question the validity of his allegations of disabling symptoms. (AR 354 (January 2012), 314 (June 2012), 793 (April 2013).) Indeed, the opinion evidence that existed showed that Plaintiff could work at a level inconsistent with claimed disability. *See, e.g., Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (ALJ can reject claimant's allegations of disability that conflict with medical source opinions).

Because the ALJ set forth valid reasons for discounting Plaintiff's credibility, supported by substantial evidence in the record, the court must affirm the ALJ's finding. *See Thomas*, 278 F.3d at 959 ("[i]f the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing"). The court finds that substantial evidence supports the

ALJ's assessment of Plaintiff's RFC.  The decision, therefore, must be affirmed. 42 U.S.C. § 405(g); *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012.)

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.

A separate judgment will issue.

**IT IS SO ORDERED**.

Dated:  November 1, 2016



NANDOR J. VADAS
United States Magistrate Judge